09-5213-ag
Yong v. Holder

BIA
Weisel, IJ
A98 901 817
A96 695 846

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> > *Circuit Judges.*

_____

KIM SENG YONG, LEE KUAN CHOONG,
> *Petitioners,*

> v.                                                                 09-5213-ag
>                                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Edward J. Cuccia, Ferro & Cuccia, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Jennifer Levings, Senior Litigation

**Counsel; Nancy K. Canter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kim Seng Yong and Lee Kuan Choong, natives and citizens of Malaysia, seek review of a November 20, 2009, decision of the BIA affirming the July 9, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied their applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Kim Seng Yong*, *Lee Kuan Choong,* Nos. A098 901 817, A096 695 846 (B.I.A. Nov. 20, 2009), *aff'g* Nos. A098 901 817, A096 695 846 (Immig. Ct. N.Y. City July 9, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d

-2-

Cir. 2007). The only issue before us is whether the agency erred in denying Petitioners' application for withholding of removal since the CAT claim is not raised on appeal.

Substantial evidence supports the agency's decision denying Petitioners' application for withholding of removal. Persecution is defined as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Economic harm may constitute persecution. *See In re T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007). Indeed, "[t]he economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *Id.*

In this case, the agency considered cumulatively Yong's claim that he was the subject of racial epithets, was chased out of a rural area, and experienced discrimination at school,

and reasonably concluded that such harm constituted harassment not rising to the level of persecution. *See Ivanishvili*, 433 F.3d at 341. Moreover, the agency reasonably found that the Petitioners failed to demonstrate that their inability to obtain a vendor license caused them severe economic disadvantage amounting to economic persecution, particularly when his family owned a business and he was able to afford travel to Thailand frequently for religious pilgrimages. *See In re T-Z-*, 24 I. & N. Dec. at 173. Therefore, the agency did not err in finding that the harm Petitioners suffered did not rise to the level of persecution or economic persecution. *Ivanishvili*, 433 F.3d at 341; *In re T-Z-*, 24 I. & N. Dec. at 173. Petitioners do not raise any challenge to the agency's finding that they failed to demonstrate a likelihood of future persecution other than their conclusory assertion that they will suffer harm similar to that which they suffered in the past. Accordingly, we conclude that the agency did not err in denying Petitioners' application for withholding of removal. *See* 8 C.F.R. § 1208.16(b).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

-4-

and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk